## PEOPLE *ex rel.* LUDLUM v. WALLACE.

*Highways — Certiorari to review proceedings of commissioners of — not allowable while appeal is pending. Laws 1873, chapter 315, as to notices — what is, compliance therewith.*

Where an appeal was taken to the county judge from the decision of commissioners laying out a highway and referees appointed. *Held*, that while the proceedings on that appeal were undetermined a certiorari to reverse the proceedings of the commissioners would not be entertained.

By Laws 1873, chapter 315, the applicant for a highway is required to specify in a notice to be given by him to the commissioners of highways, the town clerk, and a justice of the peace, the time when a jury will be drawn. In the notices served on the clerk the time was named, but it was not in those served on the commissioners and the justice. The drawing was before the proper officer, and the justice subsequently issued a summons for and swore the jury. *Held*, that the substantial requisites of the statute were observed.

CERTIORARI to review the proceedings of the commissioners of highways of the town of Oyster Bay, in the matter of laying out a highway across Centre Island beach in that town. The writ was issued upon the application of Henry Ludlum against Stephen Wallace, Henry C. Baker and Benjamin W. Craft, commissioners of highways of said town. The affidavit stated many grounds of irregularity but none sustained by the return. The opinion states fully the only material points raised upon such return.

*Whitehead H. Van Wyck*, for relator. The fact that the proceedings are not terminated is no ground for quashing the writ. *Warwick* v. *Judges of Orange*, 13 Wend. 432; *People* v. *Judges of Suffolk*, 24 id. 249; *Fitch* v. *Commissioners of Kirkland*, 22 id. 132;

*Allyn* v. *Commissioners of Schodack*, 19 id. 342. Also cited, *Stewart* v. *Wallis*, 30 Barb. 344; *People* v. *Soper*, 7 N. Y. 428; *People* v. *Vermilyea*, 7 Cow. 108, 137; *People* v. *Mayor of New York*, 2 Hill, 9; *Nichols* v. *Williams*, 8 Cow. 13; *People* v. *Wheeler*, 21 N. Y. 82; *Matter of Eightieth street*, 16 Abb. 169; *Davison* v. *Gill*, 1 East, 34; *Goss* v. *Jackson*, 3 Esp. 198.

*Elias J. Beach*, for respondent.

TAPPEN, J. The relator seeks a review of the proceedings of the respondents in laying out a highway, and avers certain irregularities and omissions in the proceedings.

The decision of the commissioners was made on the 25th of July, 1873, and an appeal was taken to the county judge by the relator; referees were appointed by the court, and proceedings on that appeal are still pending undecided. For this reason it would seem to be contrary to the established practice to entertain the writ or to examine the questions raised upon and presented by the return. *People* v. *Covert*, 1 Hill, 674; *Ex parte Mayor of Albany*, 23 Wend. 283.

A further examination of the case on the merits does not disclose any substantial irregularity or omission going to the validity of the proceedings on the part of the commissioners. Notices required by law appear to have been given in due form, jurors summoned, sworn, and after examination of the route of the proposed highway, their certificate given in its favor, and then the commissioners' order made laying out the highway. Following this comes the relator's appeal to the county judge, and the appointment of referees.

The proceedings are under the provisions of the Revised Statutes, as amended by the Laws of 1873, chap. 315. By the amendment the applicant for a highway is required to specify, in a notice to be given by him to the commissioners of highways, the town clerk and a justice of the peace, the time when a jury will be drawn by the town clerk. The notice given to the town clerk, and embraced in the return, specifies such day, and the return shows that two of the commissioners were present, at that time, at the drawing of the jury. The notice given by the applicant to the justice of the peace and to the commissioners of highways asks for a jury, but does not name a day for the drawing. The commissioners attended at the drawing,

and the statute provides that the drawing may be in the presence of a justice or a commissioner. The object of the notice is to give some one of these town officers an opportunity to attend and inspect the drawing of the twenty-four jurors required. As this duty was performed by the two highway commissioners, and the justice Clapp, to whom notice requiring a jury had been given, subsequently issued a summons for and swore the jury, the substantial requisites of the statute have been observed.

The writ should be quashed.

*Ordered accordingly.*